United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KNUTSON,<br>   Plaintiff,<br>   v.<br>MARTIN BITER,<br>   Defendant. | Case No. 14-cv-01472-JD<br><br>**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION WITH LEAVE TO AMEND**<br>Re: Dkt. Nos. 5, 6, 7 |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also applied for leave to proceed in forma pauperis. Petitioner was convicted in Santa Clara County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

**DISCUSSION**

**I.   STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility

of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## II. LEGAL CLAIMS

While petitioner does not state when he was convicted and sentenced, the California Court of Appeal affirmed the conviction in 2006. *People v. Knutson*, No. H029611, 2006 WL 3639259 (Cal. Ct. App. Dec. 14, 2006). Petitioner states he filed several state habeas petition, but the California Supreme Court denied the last petition in 2011. It seems this petition is untimely as it was filed several years after the one year statute of limitations. In addition, the petition does not set forth specific habeas claims and much of it is illegibly handwritten and incomprehensible. Petitioner previously filed a habeas case in this Court regarding the same conviction in 2008 that was dismissed without prejudice. *Knutson v. Jacquez*, Case No. 08-cv-5694-CW. The handwritten filings in that case were also difficult to decipher and the claims were incomprehensible. Docket No. 14 in Case No. 08-cv-5694-CW. In this case, the petition will be dismissed with leave to amend for petitioner to address the timeliness issue and present clear legible claims regarding his conviction.

## CONCLUSION

1. Leave to proceed in forma pauperis (Docket No. 7) is **GRANTED**.

2. The motion for discovery (Docket No. 5) and motion to expand the record (Docket No. 6) are **DENIED**.

3. The petition is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended petition must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED PETITION on the first page. Failure to amend within the designated time will result in the dismissal of this action.

**IT IS SO ORDERED.**

Dated: June 17, 2014

_____
JAMES DONATO
United States District Judge